UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEITH WILLIAMS, individually and on behalf of a class of similarly situated persons,<br><br>          Plaintiff,<br>     v.<br><br>AVANTEUSA, Ltd.<br><br>          Defendant. | Case No. 1:20-cv-386<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

NOW COMES, Plaintiff KEITH WILLIAMS, by and through his undersigned counsel, James C. Vlahakis, and asserts a putative class action against Defendant AVANTEUSA, Ltd.

### I. Parties, Jurisdiction and Venue

1. Plaintiff Keith Williams ("Plaintiff") has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

2. At all times relevant to this Complaint, Plaintiff was a citizen of the State of Michigan, and otherwise resided in Lansing, Michigan.

3. Defendant AvanteUSA, Ltd. ("Defendant") is a corporation with a headquarters located at 2950 S. Gessner, Suite 265, Houston, Texas, 77063.

4. Defendant is registered to conduct business in the State of Michigan Under ID number 801929353.

5. Defendant is registered agent is "The Corporation Company", located at 30500 Telegraph Road, Bingham Farm, Michigan, 48025.

6. Subject matter jurisdiction is conferred upon this Court by Section 1692k(d) FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws

1

of the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District to the extent Defendant Convergent transmitted a collection letter to Plaintiff in this jurisdiction.

### I. Summary and Purpose of the FDCPA

8. The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose". 15 U.S.C. § 1692. In particular, § 1692 states as follows:

> **(a) Abusive practices**
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> **(b) Inadequacy of laws**
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> **(c) Available non-abusive collection methods**
>
> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> **(d) Interstate commerce**
>
> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> **(e) Purposes**
>
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

9. One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

10. In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

11. Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

12. Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

13. The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

## II. Relevant FDCPA Definitions

14. Section 1692a(3) of the FDCPA defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt."

15. Section 1692a(5) of the FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.].

16. Plaintiff is a "consumer" and is alleged to owe a "debt" as these terms are defined by Sections 1692a(3) and 1692a(5) of the FDCPA.

17. Section 1692a(6) of the FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

18.     Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts. Accordingly, Defendant is a debt collector as defined by Section 1692a(6) of the FDCPA.

19.     Section 1692a(2) of the FDCPA defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

20.     Defendant purportedly mailed a debt collection letter to Plaintiff dated May 3, 2019 ("Subject Collection Letter"), and the Subject Collection Letter constitutes as a "communication" as this term is defined by Section 1692a(2) of the FDCPA.

### IV.   Defendant Violated the FDCPA

21.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22.     Section 1692e(2)(A) of the FDCPA prohibits "[t]he false representation of…the character, amount, or legal status of any debt".

23.     Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

24.     Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

25.     A redacted image of the Subject Collection Letter is depicted below:

> 22364748
> AvanteUSA
> 3600 S. Gessner, Suite 225
> Houston, Texas 77063
>
> **AvanteUSA**
> 3600 S. Gessner Rd, Suite 225
> Houston, Texas 77063
> **Tel:** *(832) 476-1740*
> **Fax:** (281) 872-6261
>
> May 3, 2019
>
> Personal & Confidential
> Keith Williams
> 1143 RUNAWAY BAY DR APT 3D
> Lansing MI 48917 -8739
>
> Original Creditor: Consumer Portfolio Services Inc
> Original Account Number: 700209257
> Current Creditor:CASCADE CAPITAL, LLC
> AvanteUSA Account Number: 27204609
> Currently Owed: $9,096.13
>
> This letter will serve as confirmation that AvanteUSA, Ltd., acting for CASCADE CAPITAL, LLC, is authorized to accept $3,000.00 as full and final settlement of above referenced account.
>
> THIS IS A DATED OFFER.  Certified funds must be received in our office by 05/16/2019 to take advantage of this settlement.
>
> Once said funds have been deposited, providing they are not returned from your bank, you will be released from all claims and liabilities pertaining to this account.
>
> Should you have any questions, please contact my office immediately at (832) 476-1740.
>
> To credit the proper account, please return this letter with your remittance.
>
> **This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.**
>
> Sincerely,
>
> AvanteUSA, Ltd.
>
> S01:0

26.     The Subject Collection Letter attempted to collect a loan for an automobile (the "Subject Debt") where the Subject Debt was originally incurred with the stated "Original Creditor", Consumer Portfolio Services Inc.

27.     The Subject Letter, purportedly mailed on Friday, May 4, 2019, contained

5

a time sensitive settlement proposal that suggested that Plaintiff could pay less than one-third of the subject debt if he paid $3,000 by Thursday, May 16, 2019.

28. On information and belief, Plaintiff incurred the Subject Debt in 2008 or 2009.

29. According to Plaintiff's knowledge, information and belief, his last payment towards the Subject Debt was *more than* six years prior to May 3, 2019.

30. As set forth below, Subject Collection Letter, letter to Plaintiff violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA because Subject Collection Letter did not reflect a disclosure indicated that the Subject Debt was past the applicable statute of limitations for the State of Michigan (which is six-years).

31. Failing to inform Plaintiff that the Subject Debt was time-barred under applicable law constitutes a real and concrete injury that the FDCPA was enacted to prevent.

32. Failing to inform Plaintiff that the Subject Debt was time-barred required Plaintiff to contact the undersigned's law firm to understand to help Plaintiff understand his legal rights under the FDCPA.

33. As set forth below, Subject Collection Letter, letter to Plaintiff violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA because Subject Collection Letter contained a time-sensitive settlement demand and the Letter did not contain so-called "safe harbor language" that is intended to protect the rights of consumers.

34. In particular, the Subject Letter did not contain language indicating that Defendant was not obligated to renew its time-sensitive settlement offer. *See, e.g., Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007)(recognizing the sentence "[w]e are not obligated to renew this offer" is safe-harbor language that protects consumers from false impressions concerning one-time settlement offers.").

35. The failure to include similar so-called "safe-harbor language" caused Plaintiff a real and concrete injury because Defendant never renewed the subject offer and Plaintiff lost the opportunity to pay a reduced amount to settle the subject debt.

36. Additionally, the Subject Collection Letter reasonably suggest that the amount of subject debt could increase because Defendant used the term "Currently Owed" as opposed to the phrase "the amount of the debt" as this term is utilized in Section 1692g(a)(1) of the FDCPA.

37. Plaintiff suffered anxiety and worry at the time he received the Subject Letter because he was unable to amass enough funds to pay the subject debt by the offer's expiration date and because he reasonably thought that the debt was subject to increase based upon the wording of the Subject Letter.

## V. Class Claims Applicable to All Counts

38. The Subject Letter is a form collection letter utilized by Defendant.

39. Within one year of the filing of this civil action, Defendant sent a similar form collect letter to over forty residents within the jurisdiction of the Sixth Circuit Court of Appeals where the form collection letter did not contain phrase "[w]e are not obligated to renew this offer" or any similarly worded disclosure.

40. On information and belief, within one year of the filing of this civil action, Defendant sent a similar form collect letter to over forty residents within the jurisdiction of the Sixth Circuit Court of Appeals where the form collection letter did not contain warn the recipients that the applicable statute of limitations had expired.

41. There are common questions of law involving Plaintiff's claims and those of the class with regard to whether Defendant violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA.

42. Plaintiff will fairly and adequately protect the interest of the proposed class members.

43. The claims brought by Plaintiff are typical of the claims that are being brought on behalf of the proposed class members because the claims are related to form letters used by Defendant to collect consumer debts and to collect consumer debts that were time-barred.

44. Plaintiff will fairly and adequately protect the interests of the proposed class members.

45. Plaintiff's counsel will fairly and adequately protect the interests of the proposed class members.

46. Plaintiff's counsel is an experienced FDCPA litigator who has defended dozens of FDCPA class actions in the past.

47. As a former FDCPA defense attorney, counsel has successfully presented joint/agreed proposed class action settlements in conjunction with class counsel.

48. Additionally, Plaintiff's counsel was appointed to serve on the Steering Committee in the case of *In re: Apple Inc. Device Performance Litigation*, 18-MD-02827 (N.D. Cal.) Dkt. 99 (May 5, 2018, Order Consolidating Related Actions And Appointing Interim Co-Lead Plaintiffs' Counsel And Executive And Steering Committees).

### VI. Causes of Action

**Count I – Violation of Section 1692e**

49. Plaintiff KEITH WILLIAMS incorporates the above Paragraphs as if fully set forth in this particular Count.

50. Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. As set forth above, the Subject Collection Letter violated Section 1692e of the FDCPA.

**WHEREFORE**, Plaintiff KEITH WILLIAMS respectfully requests that this Honorable Court:

    a. Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Class Members statutory damages;
    d. Disgorge any funds paid by Class Members; and
    e. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count II – Violation of Section 1692e(2)(A)

52. Plaintiff incorporates the above Paragraphs as if fully set forth in this particular Count.

53. Section 1692e(2)(A) of the FDCPA prohibits "[t]he false representation of…the character, amount, or legal status of any debt".

54. As set forth above, the Subject Collection Letter violated Section 1692e(2)(A) of the FDCPA.

**WHEREFORE**, Plaintiff KEITH WILLIAMS respectfully requests that this Honorable Court:

    a. Declare that the practices complained of above are unlawful and violate Section e(2)(A) of the FDCPA;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Class Members statutory damages;
    d. Disgorge any funds paid by Class Members; and

   e. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count III – Violation of Section 1692e(10)

55. Plaintiff incorporates the above Paragraphs as if fully set forth in this particular Count.

56. Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

57. Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

58. As set forth above, the Subject Collection Letter violated Section 1692e(1) of the FDCPA.

**WHEREFORE**, Plaintiff KEITH WILLIAMS respectfully requests that this Honorable Court:

   a. Declare that the practices complained of above are unlawful and violate Section 1692e(10) of the FDCPA;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Class Members statutory damages;
   d. Disgorge any funds paid by Class Members; and
   e. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count IV – Violation of Section 1692f

59. Plaintiff incorporates the above Paragraphs as if fully set forth in this particular Count.

60. Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

61. As set forth above, the Subject Collection Letter violated Section 1692f of the FDCPA.

**WHEREFORE**, Plaintiff KEITH WILLIAMS respectfully requests that this Honorable Court:

    a. Declare that the practices complained of above are unlawful and violate Section 1692f of the FDCPA;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Class Members statutory damages;
    d. Disgorge any funds paid by Class Members; and
    e. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Plaintiff demands trial by jury.**

Respectfully Submitted,

*/s/ James C. Vlahakis*
James C. Vlahakis
*Counsel for Plaintiff*
KEITH WILLIAMS

Sulaiman Law Group, Ltd
2500 S Highland Ave,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
jvlahakis@sulaimanlaw.com